Filed 10/18/13  P. v. Trevino CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LORENZO GILBERT TREVINO, JR.,<br><br>    Defendant and Appellant. | F064891<br><br>(Super. Ct. Nos. F11903466,<br>F10904144)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

On May 12, 2011, appellant, Lorenzo Gilbert Trevino, Jr. pled guilty in Fresno Superior Court case No. F10904144, to one count of second degree burglary (Pen. Code, §§ 459 & 460, subd. (b))[1] and admitted a prior serious felony conviction under the three strikes law (§§ 667, subds. (b)-(i) & 1170.12). Appellant appealed this conviction and on July 31, 2013, we issued our opinion in case No. F063621, rejecting appellant's challenge to the number of his custody credits and affirming his conviction.[2]

On January 26, 2012, the trial court denied appellant's motion made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

On February 6, 2012, a first amended information was filed in Fresno Superior Court case No. F11903466, alleging that on June 5, 2011, appellant committed second degree robbery (§ 211, count 1) and petty theft with a qualifying prior petty theft conviction (§ 666, count 2). The information further alleged a prior serious felony conviction under the three strikes law and two prior prison term enhancements (§ 667.5, subd. (b)). On that same date, the parties entered into a plea agreement in which appellant would admit petty theft with a prior, the prior serious felony conviction, and a prior prison term enhancement in exchange for dismissal of the remaining allegations.

Appellant signed and initialed a felony advisement, waiver of rights, and plea form acknowledging the terms of the plea agreement and the consequences of his plea. Appellant further waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*). The court advised

---

[1]     All statutory references are to the Penal Code.

[2]     On November 5, 2012, we granted appellant's request to take judicial notice of the file in case No. F063621, without making a determination of the relevance of the documents judicially noticed. Although we have not generally referred to the record in case No. F063621, we have referred to our opinion in that case.

appellant of his *Boykin/Tahl* rights and accepted appellant's waiver of those rights. The court advised appellant of the consequences of his plea. Appellant admitted count 2, the prior serious felony conviction, and the prior prison term enhancement.

On March 7, 2012, the court denied appellant's request to have the prior serious felony allegation stricken. The court sentenced appellant to the midterm of two years, doubled to four years pursuant to the three strikes law. The court imposed a consecutive term of one year for the prior prison term enhancement. The court ordered a restitution fine of $1,200.

On March 7, 2012, the court resentenced appellant in case No. F10904144. The court made this case subordinate to case No. F11903466, imposed the sentence of one-third the midterm of two years, or eight months, and doubled that term to 16 months pursuant to the three strikes law. The term in case No. F10904144, was ordered to run consecutive to the term imposed in case No. F11903466.

On March 12, 2012, the court clarified its award of custody credits, granting 322 days of credits for being in custody and 160 days of conduct credits, for total custody credits of 482. The trial court granted appellant's request for a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*.)

## FACTS

On the afternoon of June 5, 2011, appellant left a Walmart store in Fresno with shirts that were rolled up and stuffed under a girdle beneath his shirt. Appellant also had a pair of khaki pants hidden under his jeans. Appellant appeared intoxicated. When confronted by a loss prevention employee of Walmart about taking property from the store, appellant profanely replied that he was returning nothing. Appellant removed a weapon from his front pocket that was silver and appeared to have a pointed tip.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on October 25, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.